### KINNEAR *versus* LOWELL.

A mortgage of land is not, under all circumstances, discharged by a payment of the debt which it was intended to secure.

A mortgage is not discharged by a payment, coerced from the mortgager, when in fact he had conveyed the right of redemption to one, who was bound to pay the debt.

In such case, the mortgager is entitled to repayment, and to be regarded *in equity* as the assignee of the mortgage to secure its enforcement.

If, in such case, the mortgager, after making the payment, shall obtain a release of the estate from the mortgagee, he will in law be regarded as the assignee.

An estoppel is commensurate only with the covenant out of which it springs.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

WRIT OF ENTRY.

The demandant mortgaged the premises to Gove & Co., to secure his note to them of $209. He then conveyed the same to the tenant by warranty deed, subject to the mortgage. He was afterwards sued upon the note, and compelled to pay it on execution, and the mortgagees thereupon "released and conveyed" to him all their rights under the mortgage. He now brings this suit as their assignee.

The deposition of one Pike was introduced by the demandant, though objected to. It tended to prove, that the tenant verbally recognized a contract with the demandant to pay the note to Gove & Co.

*Walker* and *OBrien*, for the demandant.

The tenant was bound to pay the mortgage debt.

The payment of it by the demandant, under compulsory process, did not discharge the mortgage. By that transaction, he became subrogated to the rights of the mortgagees. *Bullard* v. *Hinkley*, 5 Maine, 272; *Carle* v. *Butman*, 7 Maine, 102; *Gibson* v. *Crehore*, 3 Pick. 475; *Barker* v. *Parker*, 4 Pick. 505; *Hogdon* v. *Smith*, 12 Metc. 511.

If it is for the interest of the party to uphold the mortgage, an intent to do so will be presumed. *Hatch* v. *Kimball*, 14 Maine, 9; *Hatch* v. *Kimball*, 16 Maine, 146; *Pool* v. *Hathaway*, 22 Maine, 85; *Campbell* v. *Vaughan*, 24 Maine, 332.

Even where the mortgagee had entered on the record a discharge of the mortgage, equity will uphold it when it is for the interest of the mortgager. *Popkin* v. *Bumstead*, 8 Mass. 491.

The demandant is not estopped by his deed to the tenant, for it was made subject to the mortgage.

*Lowell, pro se.*

1. The plaintiff conveyed to the defendant by warranty deed, all his right, title and interest in the premises. He no longer had any privity of title. He was not entitled to redeem. *Elder* v. *True,* '32 Maine, 104 ; *True* v. *Haley,* 24 Maine, 297.

2. The plaintiff was estopped by the covenants in his deed to the tenant from purchasing this mortgage, or from acquiring any other outstanding title. The law is well settled, that where one conveys to another, by deed of general warranty, land to which he has not then a perfect title, any title subsequently acquired by the grantor, will enure, by estoppel, to the grantee. *Fairbanks* v. *Williamson,* 7 Greenl. 96 ; *White* v. *Erskine,* 1 Fairf. 306 ; *Lawry* v. *Williams,* 13 Maine, 281 ; *Baxter* v. *Bradbury,* 20 Maine, 260 ; *Durham* v. *Alden & al.* 20 Maine, 228 ; *Gardner* v. *Gerrish,* 23 Maine, 46 ; *Pike* v. *Galvin,* 29 Maine, 183 ; *Somes* v. *Skinner,* 3 Pick. 52 ; *White* v. *Patten,* 24 Pick. 324. Nor are the cases of *Hatch* v. *Kimball,* 14 Maine, 9, and *Same* v. *Same,* 16 Maine, 146, at all in conflict with this doctrine.

3. A real action upon a mortgage cannot be sustained after the debt secured by it has been paid. *Williams* v. *Thurlow,* 31 Maine, 392 ; *Chadbourne* v. *Rackliff,* 30 Maine, 354. This debt had been paid before the assignment of the mortgage by Gove & als. to Kinnear, and the mortgagees then had no interest in the premises, and therefore could assign none. *Barry* v. *Bennett,* 7 Metc. 354.

4. An assignment of a satisfied mortgage conveys no interest in the estate. *Chadbourne & ux. & als.* v. *Rackliff,* 30 Maine, 354 ; *Holman* v. *Bailey,* 3 Metc. 55.

5. The writing on the back of the mortgage operates as a discharge, and not as an assignment. The debt had then been paid.

6. Equity is with the tenant. He was under no obligation to redeem the mortgage. *Elder* v. *True,* 32 Maine, 104.

He had made no " promise, contract or agreement in writing" to answer for Kinnear's debt to Gove & als. R. S. chap. 136, § 1.

Nor had he, by any instrument in writing, engaged to discharge the mortgage. If he had done so by an instrument of as high a nature as the deed, then the covenants of warranty in the plaintiff's deed would not include the mortgage. *Brown* v. *Staples*, 28 Maine, 497 ; *Given* v. *Marr*, 27 Maine, 212.

7. Pike's deposition should be excluded. It seeks to vary, explain or control by parol evidence, the plaintiff's deed to the tenant. If it proves a verbal agreement, such agreement is void. R. S. chap. 136, § 1.

*Chase* replied for the plaintiff.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — When a mortgager pays his debt to the mortgagee, the usual result is, that the estate is relieved from the incumbrance. This is so, because the debt has been paid by the person, whose duty it was to make the payment. But he may not continue, with respect to others than his creditor, to be the person who is to make the payment. In such case a compulsive payment made by him, cannot be regarded as made with the intention to relieve him, whose duty it was to have made the payment. It may more appropriately be regarded as made with an intention to save and secure all his legal and equitable rights.

When so paid by the mortgager, when he is not the owner of the equity of redemption, he is deeply interested to have the mortgage upheld, to enable him to recover the amount due upon it from the estate, or from him who should have made the payment.

In this case the mortgager appears to have conveyed his equity to the tenant, on October 1, 1847, " subject to a mortgage given by said Kinnear to Gove, Stone & Co., April 1, 1847, for two hundred and nine dollars." The conveyance having been made subject to that mortgage, the amount due upon it must have constituted a part of the price to be paid for the estate ; and it became the duty of the purchaser to pay

that debt, if he would relieve the estate from the incumbrance.

A suit appears to have been subsequently commenced upon the note secured by the mortgage, in which a judgment was rendered against the demandant, who paid the debt upon an execution issued thereon, probably in the month of June, 1849, and obtained from the mortgagees, on September 14, 1849, a release of all their right, title and interest in the estate.

This case is distinguishable from the cases of *Chadbourne* v. *Rackliff*, 30 Maine, 354, and *Williams* v. *Thurlow*, 31 Maine, 392, cited by the tenant. In the first named case there was nothing due by virtue of the mortgage, and the person claiming to be the assignee of it, had paid nothing upon it. In the other case, the person claiming to be the assignee of the mortgage " united in himself the person who should make the payment, and who should receive it." Testimony to prove, that another than the debtor had agreed to pay the debt secured by the mortgage, appears to have been received.

When the demandant obtained the release from his creditors, as well as when he made the payment, he was not the owner of the equity of redemption, and it does not necessarily follow, that the mortgage must be considered as extinguished by a payment of the debt secured by it.

In the case of *Marsh* v. *Pike*, 10 Paige, 495, Marsh appears to have conveyed in mortgage, a lot of land to Pike, and to have conveyed it afterwards to McLean, subject to that mortgage. McLean conveyed it to Towle, subject to the same mortgage. Testimony appears to have been received to prove, that McLean and Towle each agreed to pay the debt secured by the mortgage. The opinion of the Chancellor states, " the effect of these several conveyances and agreements is in equity to place the complainant in the situation of a surety for the payment of the bond and mortgage, and to make the defendants, Towle and McLean, the principal debtors as to him." " The complainant, therefore, if he paid the bond and mortgage to Pike would have been entitled to be substituted in Pike's place, not only as to the remedy against

the land, but also as to the equitable claim against McLean and Towle, who had agreed to pay off the mortgage."

These doctrines were asserted in a suit in equity, but when a party is so situated, that he can in equity have a mortgage enforced against the estate after the debt secured by it has been paid to the creditor, the law has so far adopted the rules in equity, that it will uphold the mortgage by regarding the person, who has obtained a release of the estate, as an assignee of the mortgage. And it may do this, although he may be the mortgager, when he is not the owner of the equity of redemption. *Barker* v. *Parker*, 4 Pick. 505 ; *Willard* v. *Harvey*, 5 N. H. 252.

The demandant having been compelled to pay the debt secured by the mortgage, becomes entitled to a reclamation of it, and to be regarded as the assignee of the mortgage for its enforcement against the estate.

It is insisted in defence, that he is estopped to do this by the covenants of general warranty, contained in his conveyance of the estate to the tenant. He would be estopped by them to assert any title, to which those covenants would be applicable. But the mortgage title was excepted from their operation, and the estoppel is coëxtensive only with the covenants.

An answer to the other objections will be found in the observations already presented.          *Tenant defaulted.*