LYDIA S. GRIMES *vs.* ISAAC KIMBALL.

If a person is deprived by fraud of the possession of written instruments which belong to him, secondary evidence of their contents is admissible.

An action to foreclose a mortgage which has not been discharged, but has been delivered up to the mortgagor together with the note which it was given to secure, may be maintained, by proving to the satisfaction of the jury that the note has never in fact been paid, and that such delivery of the note and mortgage was procured through the fraud of the mortgagor, in falsely representing that another worthless note and mortgage of real estate, delivered to and accepted by the mortgagee in exchange therefor, were good and sufficient.

MERRICK, J. The demandant is executrix of the last will of David W. Grimes deceased; and this action is brought to recover possession of the demanded premises, which she alleges were conveyed to him in mortgage by Emerson Gardner by his deed dated February 5, 1843, to secure the payment of his promissory note of the same date for the sum of $1000. She did not produce either the note or mortgage deed upon the trial. But she did produce evidence tending to prove that such note and mortgage deed were duly made, executed and delivered to the testator; that they were in existence and in his possession at the time of his decease; that they were subsequently received and held by her as his executrix; and that the note had never been paid nor the mortgage released or discharged. And to account for these papers, and for her failure to produce them upon the trial, and to evince her right to show the contents of them by secondary evidence, she introduced other evidence tending to prove that, at the solicitation of said Gardner, she delivered and gave them up to him without receiving payment of the note, or giving any release or discharge of the mortgage and at the same time took in discharge for and in renewal of that note another promissory note made by him for the same

amount, and also took, as security for the payment of it, a deed executed by him conveying to her in mortgage a certain messuage or parcel of land with the buildings thereon situated in the city of Lowell, other than and different from that described in the mortgage deed to said Grimes ; that she was induced. to do these several acts and to make these exchanges by the false and fraudulent statement and representation of said Gardner, made with an intent and design to deceive and defraud her, that the said messuage and parcel of land described in said mortgage deed to her was free and clear of all incumbrances, whereas in truth and in fact it was subject to four several outstanding and valid mortgages, creating incumbrances thereon to an amount greater than its actual value.

The facts which the demandant intended to prove by this evidence were involved in the issue to be determined, and the evidence was therefore properly admitted by the court. If a party is deprived of the possession of written instruments which belong to him by the fraudulent representations or devices of another person, who unjustly detains or secretly disposes of them so that they cannot be found or recovered, secondary evidence of their contents may be given in the course of any legal proceedings, as in the case of lost documents. Thus in the case of *Almy* v. *Reed,* 10 Cush. 421, which was an action against two defendants upon a promissory note, signed by one of them as principal and by the other as surety, it appeared that the note, after having been partially paid, had been voluntarily given up by the payee to the principal debtor in exchange for another note produced by him for the balance of the debt then due, and purporting to be signed by the same persons who were the makers of the first note, but upon which the name of the surety was afterwards discovered to have been forged, it was held that the plaintiff, having by such fraudulent means been deprived of the note declared on, and thereby disabled from producing it upon the trial, might prove its contents by secondary evidence, and so maintain his action upon it. In like manner, where the payee of a promissory note gave it up on the receipt of another note for the same amount which he erroneously and

by mistake supposed was made by the same maker, when in fact it was signed by a different person, it was determined that he was entitled to recover judgment against the maker in an action in which the first note was declared on, and to show these facts to account for its non-production upon the trial, and thereupon to prove its contents by parol. *Hedge* v. *McQuaid,* 11 Cush. 352. *Leonard* v. *Congregational Society in Taunton,* 2 Cush. 462. Upon the principles upon which these cases were decided, the demandant had a right to show that the note and mortgage deed held by her as executrix had been fraudulently obtained and were unlawfully withheld from her by Gardner, and thereupon to prove the contents of them by any competent evidence which it was in her power to produce.

The evidence which she produced was also competent and admissible to prove that the note given to her by Gardner was not intended to be and was not in fact a payment of that which he had given to her testator, or of the debt which was thereby due to her as his executrix. For whether a new note shall be treated and have effect as a payment of a former one for which it is substituted, will depend upon the purpose, design and intention of the parties in the transaction. *Watkins* v. *Hill,* 8 Pick. 522. *Pomroy* v. *Rice,* 16 Pick. 22. And even if it should have been made to appear upon the trial that it was the well understood intention of the parties, that the second note should be accepted and operate as a payment and discharge of the first, the demandant would have been permitted to avoid this contract by showing that she had been induced by the deceit and fraud of Gardner to enter into it; and that it was only by his wilfully false and fraudulent statement and representation that she had been deprived of the possession of the note and mortgage to which she was entitled as executrix of the testator. These facts being established, she would have shown her right to rescind the contract; and this being done, she would be entitled to recover judgment on the original note, and also judgment for possession of the premises conveyed to the testator, as collateral security for its payment, by a mortgage deed which had never been released or discharged.

All these questions respecting the alleged payment of the original note, of the intention and purpose of the parties in the exchange of notes and of mortgage deeds, and of the fraud charged against and imputed to Gardner, were strictly questions of fact, and should have been submitted upon the evidence in the case to the determination of the jury. It is only where there is no controversy in relation to the facts, and nothing remains as preliminary to the final disposition of a cause but the ruling of the court upon mere matter of law, that they can properly be directed what verdict they shall return. Where there is evidence in the case tending to prove the allegations and averments in issue, or if it be contradictory and conflicting in its character, or if inferences are to be deduced from it, as where it is indirect and circumstantial, the conclusions from it are not to be drawn by the court, but it is the right of each party to claim that it shall be submitted to and passed upon by the jury. *Prescott* v. *Wright*, 4 Gray, 464. The ruling of the court, therefore, in this case, that the demandant had not shown the loss of said note and mortgage, within the meaning of the law, but that it was shown that the said note of Gardner to David W. Grimes had been paid, and that for these reasons this action could not be maintained, and the consequent direction to the jury to return a verdict for the tenant, were erroneous, and the exceptions taken thereto must be sustained.

But the defendant objects that, even if these questions of fact were erroneously withdrawn from the jury, their formal verdict for the tenant ought not to be set aside, and a new trial granted, because it is, as he claims, apparent from the report that, upon all the evidence in the case, the action of the demandant could not rightfully be maintained. He insists, in the first place, that as the demandant might by resorting to, and making an examination of, the records in the registry of deeds, have ascertained and known the real and true state of the title to the premises conveyed in mortgage to her by Gardner, the fact that she was induced to give up the first in exchange for the second note, by his false representation that the estate was free from all incumbrances, does not constitute such a fraud as would invalidate

44 *

the contract between them; and, in the second place, that if it be assumed that such a fraud as would have given her the right to disavow and rescind the contract had been practised upon her, yet she failed to rescind or disavow it in a reasonable time, and must by such delay, after she had knowledge of the fraud and imposition practised upon her, be held to have affirmed and ratified it.

To these objections against granting a new trial, in a case where error in matters of law has occurred in the course of the proceedings, it is an obvious and perfect answer, that if the second note was not intended to be, and in truth was not, a payment of the first, then the plaintiff is entitled to recover possession of the premises mortgaged by Gardner to demandant's testator, without regard either to the fraud complained of, or to the negligence and delay imputed to the demandant in the assertion of her rights; for a mortgage, if undischarged, continues in force as collateral security, as long as the debt it was made to secure remains unpaid, however often or into whatever form the original contract may be changed. *Pomroy* v. *Rice*, 16 Pick. 22. *Fowler* v. *Bush*, 21 Pick. 230. The jury might therefore have found a verdict for the demandant without having had occasion to pass upon any questions of fraud on one side or of negligence and unreasonable delay on the other.

But further than this, we think that there is no sufficient foundation for either of these objections. It is only where a party, who complains that he has been deceived and suffered loss by the fraudulent representations and assurances of another, has full means and opportunity of examining for himself into the truth and accuracy of the statements made to him, that he cannot be permitted to aver that he was imposed upon by the false representations. *Salem India Rubber Co.* v. *Adams*, 23 Pick. 265. At the time when Gardner did, as it is charged against him, falsely affirm to the demandant that there were no prior incumbrances upon the estate he was then about conveying to the demandant, she was not in possession of full means of discovering that the statement was untrue. She might, by pursuing her inquiries and by searching the records

in the registry of deeds, have obtained knowledge of the facts in relation to the state of the title. But she was not bound to do so if she relied upon the positive assurances of Gardner. These were calculated to divert and probably did divert her attention from the sources of information to which she would or might have resorted, if she had not been induced to place implicit confidence in the assurances under which she acted. She is not, therefore, precluded from vindicating her rights by proof of the fraud by which she was injuriously affected.

The question respecting the alleged negligence or delay of the demandant in disavowing the contract into which she had been fraudulently induced to enter, and in adopting measures for relief and protection against the consequences of the fraudulent acts and representations of Gardner, does not appear to have attracted the attention of the court, or even to have been adverted to by the defendant at any time during the course of the trial, but is first made the subject of remark in the argument of the questions of law arising upon the report. Under such circumstances and without further investigation it would certainly be premature to consider whether the demandant has lost, by the lapse of time, or by any change in the condition of other parties, after she became cognizant of the fraud, her right to repel, and to exonerate herself from, or to protect herself against, its consequences. So far as there are any disclosures in the report, it does not appear that any one can have been unfavorably affected by what is called her unreasonable delay. It is not shown that Gardner would have acted differently, or changed his course in the management of his business, if the demandant had, at an earlier time than she did, apprised him of the discovery of his fraud, and claimed the restitution of her rights. And as to the tenant, it does not appear that he was ever informed, or possessed of any knowledge whatever, respecting the transactions between Gardner and the demandant. If he had no information upon the subject, his rights must be determined, as his action could only have been influenced, by the constructive notice to him resulting from the record of an apparently undischarged mortgage from Gardner to Grimes.

But all these matters will be open for full inquiry and investiga-
tion upon a future trial.

*Verdict set aside and new trial ordered*

*D. S. Richardson & T. Pearson*, for the demandant.

*A. P. Bonney*, for the tenant.