J. H. L. GERDINE vs. LOUIS F. MENAGE.

August 23, 1889.

Conveyance Subject to Mortgage—Subsequent Purchase of Mortgage by Grantor—Subrogation.—Where a grantee receives a deed of lands incumbered by mortgage, which is expressly excepted from the covenants, the presumption is, in the absence of evidence to the contrary, that the land is taken subject to the lien of the mortgage, if valid; and, as respects the lien thereof upon the land, it is the duty of the purchaser, and not the seller, to discharge the same. In such case, after the mortgagor has sold the equity of redemption, he has the same right as any third person to purchase and take an assignment of the mortgage, and

upon payment of a prior incumbrance to the holder thereof he would be entitled to be subrogated to his rights, and substituted in his place as respects the land.

Subrogation—Rights of Third Persons.—Subrogation will not be made where the rights of innocent purchasers have intervened.

Same—Where Mortgagee has by Mistake Paid Prior Incumbrances. Where a holder of a mortgage had foreclosed the same, and, under a mistake as to the correctness of the proceedings, and the consequent validity of the foreclosure, had paid prior incumbrances which he was equitably entitled to have kept alive for his protection, *held*, that equity would relieve from the mistake except as against innocent grantees and purchasers without notice, and allow him to be subrogated to the rights of the holders of such prior incumbrances. Mistakes as to the condition of one's title or the correctness or regularity of antecedent proceedings are frequently relieved from where the equity is clear, being properly classed with mistakes of fact.

Same—Record Notice to Purchaser.—In this case the record showed all the proceedings, and the relation of the assignee of the second mortgage to the title, and the satisfaction by him of prior incumbrances after foreclosure of his mortgage. *Held* sufficient to put a purchaser upon inquiry as to his equitable rights.

Plaintiff brought this action in the district court for Hennepin county, to set aside certain foreclosure proceedings and the sale and certificate thereon. The defendant, in his answer, conceding the invalidity of the proceedings, alleged that after they had taken place, and relying on their validity, he had taken assignments of certain prior mortgages on the same property, and caused them to be discharged of record, and prayed that all the mortgages be declared subsisting liens, and for a foreclosure. The action was tried by *Young,* J., who found the facts and ordered judgment as stated in the opinion. Defendant appeals from so much of the judgment as adjudges that the first mortgages, which defendant had caused to be discharged, are not liens on the premises, and that defendant is not entitled to be subrogated to the rights of the mortgagee therein.

*Chas. J. Bartleson,* for appellant.

*Laybourn & McHugh,* for respondent.

VANDERBURGH, J. It appears by the record that in October, 1884, the defendant was the owner of the two certain lots described in the

complaint, and on that day mortgaged the same with other property, and the mortgage was made a specific lien upon each of the lots for the sum of $350 each, with interest payable semi-annually; and subsequently, in the same month, he executed a second mortgage upon the same property, which was by its terms made a specific lien upon each lot for the sum of $450 and interest payable semi-annually, which mortgages were duly recorded. Afterwards, on November 13, 1884, the defendant sold and conveyed the same lots to one King, who "took with notice and knowledge of said mortgages, and the covenant of warranty in his deed excepted said mortgages therefrom." In April, 1885, the mortgagee assigned the second mortgage to the defendant. The first mortgage on one of the lots was also duly assigned to the defendant before its maturity. No part of the principal or interest of either of the mortgages upon these lots was paid except by the defendant, who paid the full amount of principal and interest. And when the first mortgages became due he caused a certificate of payment and satisfaction of the one then held by him to be recorded, and at the same time paid to the holder the amount of the first mortgage upon the other lot, and received in like manner a certificate of satisfaction, which he also caused to be placed upon record. These certificates were recorded in October and November, 1887. In 1885, however, and after the assignment to him of the second mortgage, he had undertaken to foreclose the same by advertisement, and had purchased the mortgaged premises at the foreclosure sale, and the time of redemption had expired before the first mortgages were satisfied. This action is brought to set aside the foreclosure proceedings and sale, and it is conceded that the notice of sale was defective, and the plaintiff entitled to the relief asked. The defendant, when he satisfied the first mortgage, supposed he had acquired title to the premises under the foreclosure, and acted upon the mistaken notion that the foreclosure proceedings were valid and effectual. This is conceded by counsel. Subsequently, and in July, 1888, King, the defendant's grantee, sold and conveyed the lots by quitclaim deed to the plaintiff for the consideration expressed in the deed of $50 for each lot.

We will first consider the case as if the conveyance to the plaintiff

had not been made, and the matters in controversy were to be determined solely between the defendant and King. The defendant, upon the facts as above recited, claims that he is entitled to have the cancellation of the first mortgages corrected, and that he is entitled to have both mortgages declared valid and subsisting liens upon the premises, and to a judgment for a foreclosure thereof, and a sale of the premises to satisfy the amount due thereon. The court refused to correct the cancellation of the first mortgage, treating it as a mistake of law, for which no relief can be given, but allowed and directed the foreclosure of the second mortgage, the first foreclosure being set aside.

1. Upon defendant's conveyance of the lots in controversy to King, the latter became invested with the estate of the mortgagor. The evident purpose of the exception of the mortgages from the covenants was to qualify the liability of the grantor, and to convey the land as incumbered property. The purchaser acquired the equity of redemption only, as those terms are usually understood and applied in such cases; and it will be presumed, in the absence of any evidence to the contrary, that this was what he intended to buy, and that the consideration was adjusted accordingly. The land was taken subject to the lien of the mortgages, if valid, and, as respects the land, presumptively it would be for the purchaser, and not the seller, to discharge the same. *Cumberland* v. *Codrington,* 3 John. Ch. 229, 262; Jones, Mortg. § 736; *Atherton* v. *Toney,* 43 Ind. 211; *Guernsey* v. *Kendall,* 55 Vt. 201; *Bunch* v. *Grave,* 111 Ind. 351, (12 N. E. Rep. 514;) *Carpenter* v. *Koons,* 20 Pa. St. 222; 2 Lead. Cas. Eq. (4th Ed.) 304; 3 Pom. Eq. Jur. 219, and cases; *Dingeldein* v. *Third Ave. R. Co..* 37 N. Y. 575; *Belmont* v. *Coman,* 22 N. Y. 438. But, the conveyance not being made in terms subject to the mortgages, the grantee was not estopped to contest their validity. *Calkins* v. *Copley,* 29 Minn. 471, (13 N. W. Rep. 904;) *Porter* v. *Parmley,* 52 N. Y. 185, 190.

2. It is a common thing for courts of equity to relieve parties who have by mistake discharged mortgages upon the record, and to protect them fully from the consequences, when such relief would not result prejudicially to third persons. *Cobb* v. *Dyer,* 69 Me. 494;

*Geib* v. *Reynolds,* 35 Minn. 331, (28 N. W. Rep. 923.) Considering the case as it would stand between the defendant and his grantee, King, it is clear that it would not be inequitable to place the parties *in statu quo,* and we do not think the mistake is of such a character as to bar defendant's claim to equitable relief. It is one which a layman would naturally fall into,—a mistake as to the condition of his title resulting from a misapprehension as to the correctness or regularity of proceedings upon foreclosure,—and about which it does not appear that any question had been raised or doubt suggested. Such mistakes are classed with mistakes of fact, and are frequently relieved from where the equity is clear. They are to be distinguished from mistakes or ignorance of general rules of law, and from cases where parties mistake the legal effect of a contract or transaction they have made or entered into, of the terms or particulars of which there is no misunderstanding. A person may be ignorant or mistaken as to his own antecedent legal rights or interests, while he clearly understands the scope of the transaction into which he enters. And when a person is ignorant of facts upon which his rights depend, or erroneously assumes that he knows his rights, and deals with his property accordingly, and not upon the principle of compromising doubts, a court of equity may properly interfere. 2 Pom. Eq. Jur. § 849 ; *Blakeman* v. *Blakeman,* 39 Conn. 320 ; *Benson* v. *Markoe,* 37 Minn. 30, (33 N. W. Rep. 38.)

3. King, who was still the owner of the equity of redemption when the mortgages were satisfied of record, could not claim to be injured by purging the record of the certificates of satisfaction. He had paid nothing, and his position remained unchanged. The record being thus corrected, the matter would stand in this way: One of the mortgages would be held by defendant as assignee, and this he claims the same right to foreclose as the second mortgages, which the court has ordered to be foreclosed, and the right to foreclose which the plaintiff does not seem to question. As to the other first mortgage, which was held by the original mortgagee, and which the defendant had taken up, the question arises whether he had a right to make such payment voluntarily and to be subrogated in the place of the holder thereof, and was equitably entitled to enforce the same

as the latter might have done. It was a reasonable inference, as the court below has found, in substance, that the defendant paid this mortgage and procured its satisfaction (instead of taking an assignment) under the supposition that he had already acquired title to the property, and that he would not have satisfied it if he had not labored under this mistake. *Geib* v. *Reynolds, supra.* After the defendant had sold the equity of redemption he had the same right as any third person to purchase and take an assignment of the mortgages, and enforce the same against the land. *Barker* v. *Parker,* 4 Pick. 505; *Kinnear* v. *Lowell,* 34 Me. 299. And, if payment was exacted of him as maker of the notes secured thereby, he would be specially interested in having the mortgages upheld to enable him to recover the amount due upon them from the estate; and to this end he might procure an assignment thereof upon payment, or, failing in that, he would be entitled to be subrogated to the rights of the holder, and substituted in his place. The right of subrogation in this instance may be rested upon his equity to have the lien of the mortgage preserved for his indemnity. *Kinnear* v. *Lowell,* 34 Me. 299. But he was also entitled, as holder of the second mortgage, to take up the first mortgage at its maturity, and to be subrogated to the rights of the holder thereof. It is a familiar rule that a junior incumbrancer may redeem from a prior incumbrancer, and, if he does so, he thereby acquires the right to the security held by the latter. *Cobb* v. *Dyer,* 69 Me. 494; *Frost* v. *Yonkers Savings Bank,* 70 N. Y. 553. But subrogation will not be made where the rights of innocent purchasers have intervened. The rule is always to be applied with due regard to the equitable rights of others.

4. It therefore becomes important to consider whether the plaintiff in this action is a *bona fide* purchaser of the premises. If he is, the record will not be disturbed, and subrogation will not be made. Upon this question there is no evidence except the record, which has been referred to. The basis of plaintiff's claim to protection against the restoration of the mortgage is that he was an innocent purchaser for value after satisfaction was entered. But we think it is sufficiently obvious that the investigation of the title which as purchaser he was bound to make, would have put him upon inquiry, and led to in-

formation as to the true state of facts in the case. The record fully disclosed the defendant's relation to the title, and his rights as assignee of the second mortgage which entitled him to subrogation, and that he placed the releases on record after the time of redemption had expired upon the foreclosure. The case is not less strong in this respect than that of *Geib* v. *Reynolds, supra.* We think the plaintiff is presumptively chargeable with notice of defendant's rights. The conclusions of law are not warranted by the findings of fact, under which defendant was entitled to the relief affirmatively asked for in the answer, viz., a judgment declaring the first mortgages a lien, and for a foreclosure of both mortgages upon each lot. The judgment appealed from is therefore directed to be modified accordingly, and the case is remanded for such purpose.

GILFILLAN, C. J., *(concurring.)* I concur in the result reached in the foregoing opinion upon these grounds: Where the owner of real estate executes a mortgage upon it, and then conveys it by deed without covenants, or by deed which excepts the mortgage from the covenants, so that he owes no duty to his grantee in respect to the mortgage, he may subsequently purchase it, and upon its being assigned to him he becomes vested with the same rights that would vest in any other purchaser, including the right to foreclose and the rights of subrogation as to prior liens, as to which he is under no duty or obligation to his grantee; and the fact that he created such liens does not change the rule. It is immaterial to the grantee whether the liens pass to his grantor or some other person. His rights would be in no way impaired in either case. The record of the assignment to defendant of the second mortgage was notice to plaintiff of all the rights accruing to defendant upon the assignment, not only of his right to hold and foreclose that mortgage, but of his right to pay, and thereby become subrogated to prior liens. And these being of record when he purchased, the satisfaction of the first mortgage, the notice to plaintiff, by the record of assignment of the second, of defendant's right to pay and become subrogated to the first, were sufficient to put plaintiff upon inquiry to ascertain by whom and under what circumstances the first mortgage was paid.