GEORGE P. LOVELL AND GEORGE E. LOVELL, APPELLANTS, VS. J. G. WALL AND WIFE AND W. T. WALL, APPELLEES.

1. A person entering a homestead under the laws of the United States acquires a vested right therein at the expiration of five years from entry, but no estate in the lands vests in him until he has complied with the required conditions.

2. Mistakes as to the condition of one's title, or the correctness or regularity of antecedent proceedings, may be classed with mistakes of fact, and are properly relieved from where the equity is clear.

3. Where a mortgagee is induced by representations of the mortgagor as to the condition of the title to a parcel of land, or the regularity or correctness of antecedent proceedings requisite to vest the title to said land, to surrender his note and mortgage in consideration of a deed to said land, and such representations prove untrue, and the note which the mortgage was given to secure has not in fact been paid, and the mortgagee gets nothing by the deed, an action to foreclose the mortgage may be maintained, if innocent parties have not in the meantime acquired an interest in the mortgaged premises.

Appeal from the Circuit Court for Sumter county.

The facts of the case are stated in the opinion.

*Hocker & Mabry* for Appellants.

*J. C. Langley* for Appellees.

(Judge Young, of the Fourth Circuit, sat in the place of Mr. Justice Mabry, who was disqualified.)

YOUNG, Circuit Judge:

In this case a bill was filed by appellants February 8, 1889, in the Circuit Court for Sumter county, alleging that the defendants, J. G. Wall and wife, executed to complainant, G. P. Lovell, a mortgage on a parcel of land in said county to secure a promissory note. That complainant, G. E. Lovell, was the attorney in fact for G. P. Lovell, and authorized to collect the money due on said mortgage. That when the indebt-

edness secured by the said mortgage became due, the
said J. G. Wall represented to the said attorney that
it was impossible for him to pay the same, and the
said J. G. Wall and his son, the defendant W. T.
Wall, urged the said attorney in fact for G. P. Lovell
to take a deed from W. T. Wall for eighty acres of
land in payment of said mortgage debt. That said
eighty acres of land was a part of a tract of land which
said defendants represented to him was the homestead
of said William T. Wall, entered under the laws of
the United States, and that said William T. Wall had
made his final proof of his homestead entry, and that
a final receipt had been issued to him from the United
States land office; that such proof was in conformity
to law, was all right, and a patent therefor would soon
be issued to said William T. Wall. That the
said attorney in fact, to accommodate the de-
fendants, and relying upon their representations of the
fact that the proofs had been made in conformity with
the required conditions, and in ignorance of the fact
that the final proofs did not conform to law, and upon
the solicitations of the defendants, J. G. and William
T. Wall, did accept a deed from said William T. Wall
to the eighty acres, and thereupon a release of the
mortgage was executed and delivered to J. G. Wall,
and also the original note and mortgage. That the
said deed from William T. Wall was executed to G.
E. Lovell, who took the same in trust for G. P. Lovell.
That after the execution and delivery of said deed and
the said release and note and mortgage, complainants
learned the fact that said William T. Wall had not

made final proof, in conformity to law, of his right to the homestead, and that a patent had been denied him because of his failure to make such proof. That said Wall refuses and declines to amend his said proof or to make any effort to do so. That the release of the said mortgage had not been placed on record. That the consideration for said release had totally failed, and that the defendants perpetrated a fraud on complainant George P. Lovell in procuring said release. The prayer of the bill is for an injunction restraining defendants from placing the release on record or making any use of it, and from selling, mortgaging or encumbering the forty acres of land covered by the said mortgage to complainant George P. Lovell, and for an account and foreclosure of the said mortgage. An injunction was issued restraining the defendants as prayed, until the further order of the court. The defendants appeared and demurred to the bill for want of equity and for multifariousness. The demurrer was overruled by the chancellor. The defendants then answered admitting most of the material averments of the bill, but denying that they or either of them represented to complainant George E. Lovell that the said final proof was made in conformity to law, and that a patent would soon issue for the land. They allege that when the proposition was made to George E. Lovell to convey the eighty acres of land in satisfaction of the note and mortgage held by George P. Lovell, said George E. Lovell took the final receipt issued to William T. Wall, and said that he would submit it to an attorney, and if said William T. Wall

could make a good deed to the land he would accept it. That afterwards he sent word to defendants that his counsel, Messrs. Hocker & Mabry, had informed him that William T. Wall could make a good deed to the land, and that he was ready to accept the deed to the eighty acres in satisfaction of the mortgage. That the defendants were ignorant of the fact that said William T. Wall had not conformed to the requirements of the law in proving his right to the homestead, but that at the time of the making of said deed to Lovell they supposed that said proof was all right, inasmuch as the receipt had been issued to said Wall. Defendants deny that William T. Wall has refused or declined to amend his proof, and allege that Wall went to Lovell and requested him to find out what was the defect, and offered to perfect his proof, if it was practicable, and to make a new deed if necessary. Replication was filed to the answer. The depositions of a number of witnesses were taken and filed in the cause, including the depositions of the complainant George E. Lovell, and the defendants J. G. and W. T. Wall. There was a final hearing on the pleadings and testimony, and the chancellor decreed that the complainants were not entitled to the relief prayed in and by their bill, and dismissed the bill. Complainants appealed from this decree, and allege in their petition of appeal that the chancellor erred in decreeing that they were not entitled to the relief prayed, and in dismissing their bill and not granting the relief prayed.

Three persons besides Lovell and the two Walls, were present when the deed from Wall to Lovell was

executed, and the mortgage and note and the instrument of satisfaction were delivered to J. G. Wall. George E. Lovell, Venable and Morrison testified in behalf of complainants as to what occurred, and their testimony sustains the allegations of the bill. The defendant, J. G. Wall, was asked on his examination as a witness for defendants, if he had made to Lovell the statements about the proofs made by William T. Wall and his title to the homestead, alleged in the bill: He answered: "I do not remember making any such statement to Mr. Lovell. I may have told him that William had complied with the law." William T. Wall testified for defendants, and is silent on this subject. The other person who was present did not testify. William T. Wall testifies that at the time of making the deed to Lovell he did not know of any irregularities in the final proof of his homestead entry, but that he was subsequently informed by the officials of the land office that the patent was denied to him because he did not make his proof on the day advertised, but some days afterwards. It does not appear that he ever made any further effort to prove up his right to the homestead, and afterwards he cancelled his claim in favor of one Sanford in consideration of forty dollars. Kellam, a witness for defendants, testified that he went to see Lovell, at the instance of J. G. Wall, to induce him to take a deed from William T. Wall, to eighty acres of his homestead and release the mortgage in question. He says: "I represented to Lovell that Wall was a poor man with a large family, and that it

Lovell and Lovell v. Wall and Wall.—Opinion of Court.

would be hard to break him up, and that he (Lovell) could make his money out of the eighty acres of land." There is, substantially, no conflict in the testimony upon any material fact. The evidence sustains every material allegation in the bill. Lovell gave the release, relying upon the statements of the Walls that William T. Wall had done everything requisite to perfect his title to the homestead, part of which was conveyed in consideration of the release. Lovell seems to have doubted the right of Wall to convey the homestead before the issuing of the patent, but having his doubts on that point removed, he relied upon the statements of the defendants that Wall had performed all the required conditions to vest the land in him. A person entering a homestead under the laws of the United States acquires a vested right therein at the expiration of five years from entry, but no estate in the land vests in him until he has complied with the required conditions. Newkirk v. Marshall, 35 Kansas, 77, 10 Pac. Rep., 571; Thrift v. Delaney, 69 Cal., 188; Coleman v. McCormick, 37 Minn., 179. Wall having failed to comply with the conditions required to vest the land in him, and having subsequently cancelled his entry, the complainant received nothing for his release, which he executed under the mistaken belief that he was getting eighty acres of land therefor. "A discharge of a mortgage obtained by a fraud, or made through mistake, may be cancelled if other parties having no notice of the fraud have not in the meantime acquired an interest in the property. * * * If one be induced by the fraudulent representations of the mortgagor to deliver up the

mortgage, together with the mortgage note, and to take instead a worthless security, the mortgage may still be foreclosed, if no one has afterwards acquired an interest in the property, relying upon the discharge. Jones on Mortgages, Vol. 2, Sec. 966; Grimes v. Kimball, 85 Mass., 518; Freeholders of Middlesex v. Thomas & Martin, 20 N. J. (Eq.), 39. In the Massachusetts case above cited, the note and mortgage were delivered to the mortgagor in consideration of another note secured by a mortgage on another parcel of land, and the court held that an action to foreclose the first mortgage could be maintained by proving that the note it was given to secure had not in fact been paid, and that the delivery of said note and mortgage was procured by the fraud of the mortgagor in representing that the worthless note and mortgage, accepted in exchange therefor, were good and sufficient. The statute of New Jersey says that cancelling a mortgage upon the record "shall be an absolute bar to and discharge of the said entry, registry and *mortgage*;" yet, in the case above cited, the court says: "It is well settled, and rightly settled by a series of decisions by the highest authority upon this statute, that if such cancellation is made without actual payment, or by fraud or mistake, it is inoperative, and the mortgage remains a valid security, and will be enforced on a suit to foreclose in this court." The case of Lasselle v. Barnett, 1 Blackford, 150, 12 Am. Dec., 217, cited by counsel for appellees, is not in point. That was a suit between Lasselle, a second mortgagee,

and Barnett who claimed under a prior mortgage which he had purchased from Dubois. Before Lasselle took his mortgage he went to Dubois, who then held the first mortgage, to learn the nature and extent of his claim. Dubois informed Lasselle that his mortgage was settled. Afterwards Dubois claimed that $400 was due on his mortgage in consequence of his failing to obtain what he considered a legal title for a tract of land which he had taken from Bazayon, the mortgagor, in part payment. Bazayon had purchased the land from the executor and one of the heirs of A. Bourdeleau, who died seized and possessed of the tract of land. It does not appear that any untrue statement was made by Bazayon concerning the title to the land, or that Dubois was ignorant of the true state of the title. Barnett purchased the mortgage from Dubois with knowledge of all the transactions. Upon this state of facts the court well says: "We are of opinion that the declarations of Dubois to Lasselle are obligatory on him; and whether he had received satisfaction or not, that he could not afterwards set up a claim under the mortgage to defeat the claim of Lasselle. * * * It is equally clear, that if the sale from Bazayon to Dubois of the Bourdeleau tract of land was in part discharge of the mortgage, that contract appears to have been executed both by title and possession. And if that title was defective, the defect might be the subject of a new demand, but could not operate in reviving the original contract." In the case at bar, the complainant George P. Lovell was induced, by the

6

representations of defendants, which proved to be untrue, to execute a release of the mortgage held by him on the land of J. G. Wall, and surrender the note and mortgage in consideration of a deed for eighty acres of land from William T. Wall to George E. Lovell. Wall having failed, contrary to the statements made to Lovell, to comply with the required conditions to vest in him title to the land, it follows that, if the cancellation of the mortgage is to stand, Lovell has surrendered his note and mortgage and received nothing therefor but a worthless deed. No rights of third parties have intervened. There was no payment or satisfaction of the mortgage debt and no valid cancellation of the mortgage. Mistakes as to the condition of one's title, or the correctness or regularity of antecedent proceedings, may be classed with mistakes of fact, and are properly relieved from where the equity is clear. Gerdine vs. Menage, 41 Minn., 417, 43 N. W. Rep., 91. The chancellor should have decreed the complainants the relief prayed in and by their bill.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings in accordance with this opinion.