ARTHUR G. CHAPPELL, *et ux.*, v. PEYTON J. WATSON, *et al.,* as Trustees of the Estate of Lottie R. Bisbee, deceased.

160 So. 867.

Division B.

Opinion Filed April 17, 1935.

*A. W. Cockrell, Jr.,* and *W. H. Harwick,* for Appellants;. *Lee Guest,* for Appellees.

TERRELL, J.—This suit was brought to cancel the satisfaction of and to foreclose a mortgage. A motion to dismiss the third amended bill of complaint was overruled and the defendants appealed.

It is argued here that the facts related in the amended bill of complaint are insufficient to show a mutual mistake,. that any relief claimed by complainants is barred because of their failure to exercise reasonable diligence, and that. the bill as amended shows accord and satisfaction.

The bill of complaint shows that the mortgage was executed in August, 1913, by Francis B. and Blanche L. McGarry to Horatio Bisbee, who died in 1916 when the said. mortgage descended to his wife, Lottie R. Bisbee, who died in 1928. In July, 1918, the mortgagors conveyed the mortgaged premises to Paul D. McGarry and Arthur G. Chappell, the latter being the appellant here, who assumed the payment of the mortgage and accrued interest which it is. alleged totaled $6,625.00. Extensions were granted, some payments were made, and in 1928 the mortgage descended. to appellees as trustees of the estate of Lottie R. Bisbee.

In April, 1931, appellees demanded payment of the mortgage. Chappell contended that it had been paid in full.

and satisfied. He further contended that the correct amount due on the mortgage was $5,125.00, and that it had been overpaid in an amount of $187.50. The trustees, appellees, not being in possession of the contract between appellant and Paul D. McGarry and not being familiar with all the details of the transaction executed the satisfaction now attempted to be cancelled.

After learning of the contract between Chappell and Paul D. McGarry and making further investigation into the matter by way of a full and complete accounting, the appellees concluded that an error had been made in the settlement adverse to the estate of 'Lottie R. Bisbee. They called on Chappell promptly to make good the difference and he refusing to do so the bill of complaint herein was filed in which the facts relied on are detailed with particularity.

We have examined the bill of complaint and do not think it vulnerable to the assault made on it. It contains a simple, concise statement of ultimate facts which if proven is sufficient to entitle complainants to relief. Motions to dismiss supersede demurrers under the old practice. If the averments of the bill show any equity it should not be held fatally defective under a motion to dismiss as authorized by the 1931 Chancery Act.

In answer to the second question raised, we do not think the amended bill of complaint exemplifies such a degree of negligence on the part of the complainants as to preclude them from equitable relief. The generally approved rule in such situations is that if the rights of innocent third parties have not intervened equity will grant relief to those who have through mistake released a mortgage before the debt was fully paid. 58 L. R. A. 804; Peace River Phosphate Mining Co. v. Green, 102 Fla. 370, 135 So. 828;.

Crosby v. Andrews, 61 Fla. 554, 55 So. 57; Lovell v. Wall, 31 Fla. 73, 12 So. 659.

We are conscious of the rule that a mistake arising solely from the complaining party's negligence will not be relieved against in a court of equity, but this rule is qualified by the doctrine that the mistake must be "wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty," and even then each case of negligence must depend to a great extent on its own circumstances. Pomeroy's *Equity Jurisprudence* (4th Ed.) Vol. 2, page 1748. The facts in the case at bar do not bring it within this rule.

Considering the whole theory of the bill we do not construe it as showing an accord and satisfaction of the disputed indebtedness. Accord and satisfaction is the substitution of a new agreement between the parties in satisfaction of a former one. A more general and later application of the doctrine is the substitution of one agreement in satisfaction of another. In either event when the agreement is executed and satisfaction has been made it is called accord and satisfaction. It arises when one person has a right of action against the other and the former generally accepts something different from and often less than what may be legally enforced.

The allegations of the bill are not at all consistent with accord and satisfaction, but are grounded on mutual error as to the amount due on the mortgage when the extension was granted in August, 1918. The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.