SHANNON, Judge.
This is an interlocutory appeal from a decree which sustained a motion to dismiss the complaint and ordered the cause transferred to the law side of the court, as modified by a subsequent order transferring the cause to the Civil and Criminal Court of Record.
The allegations of the amended complaint are of paramount importance in determining whether or not the plaintiff stated a cause for equitable relief, and we shall therefore consider them in detail. In August of 1957 the plaintiff, Vance, contracted with one Butman to purchase the real estate involved herein. The total purchase price was $43,000 of which Vance paid $4,300 at that time and promised an additional $8,170 when the deal was closed.
Soon thereafter, in October 1957, Vance entered into a written contract with the defendants, Scanlon and Lurie, to set up a corporation which would construct and operate a motel upon this property. By the terms of this contract Vance was to pay the $8,170 due on closing, and the defendants would assume the mortgages. After the corporation was formed, the land was to be sold and then leased back to this corporation for 99 years. The corporation would construct and operate the motel and Vance was to receive 25% of the stock and the profits and act as treasurer. He was also to be repaid for the $12,470 which he would be required to advance in the initial stages of this transaction.
.The complaint further alleges that the parties came to a disagreement and that *710 the defendants orally offered to pay Vance $5,000 for his rights under the contract. Up until the disagreement Vance maintains that he had performed all conditions precedent to his rights under the written contract. He accepted the oral offer of the defendants, however, and the defendants then proceeded to incorporate and construct and operate the motel. Finally the complaint alleges that the defendants have neither paid him the $5,000 nor complied with the terms of the October 1957 contract, wherefore the plaintiff prays for specific performance of the original written contract and for an accounting.
The defendants filed a motion to dismiss the amended complaint upon the grounds that (1) the plaintiff has an adequate remedy at law, and (2) the complaint fails to state a cause of action upon which equity can take jurisdiction.
The chancellor’s final decree reads, in part, as follows:
“ * * * The Court, having examined the amended complaint herein and heard and considered argument of counsel, is of the opinion that when the Plaintiff accepted the alleged offer of Scanlon and Lurie to pay him $5,000.00 in lieu of his rights under the agreement of October 11, 1957, and thereupon considered himself relieved of further performance under said agreement, a new contract was formed between the parties under which, in consideration of the alleged promise to pay by Defendants, the Plaintiff relinquished his rights under the previous agreement and was relieved of his obligations thereunder; and that the alleged failure of said Defendants to make the payments as allegedly promised did not revive or reinstate the previous agreement, but merely gave rise to a right of action in Plaintiff to seek recovery in a proper action at law the sums so promised to be paid with interest from the due date. Accordingly, it appears that no cause of action cognizable in equity is set forth in the amended complaint, and that the Plaintiff has an adequate remedy at ■ law. * *
It is the theory of the plaintiff on this appeal that the offer of $5,000 was an accord — and since it was never paid it was an executory accord, rather than an accord and satisfaction. In other words, the plaintiff maintains that he agreed to transfer his rights under the October 1957 contract in return for a payment of $5,000. He did not agree to the transfer merely in return for a promise to pay $5,000. Thus, without the actual payment of this sum the plaintiff maintains that this accord was never satisfied and that he is entitled to view it as rescinded at this time and sue for specific performance of the original com tract.
As a point of law, this position of the plaintiff appears to be well taken. In the early case of May and Sloan v. Gamble, 1874, 14 Fla. 467, involving whether or not new notes had been accepted by the creditor in lieu of the original notes which he sued upon, the Supreme Court said at page 494:
“In the entire absence of any proof going to show that Gamble received the notes as a payment, or agreed that the entire transaction should then operate as a payment, there was nothing before the jury to establish a payment of the original notes. Had the new notes been delivered to Gamble and retained by him, it would then, under the circumstances of this case, have been a question to be submitted to the jury whether such an agreement was made. The mere giving of the new notes, and their acceptance, in consideration of a precedent debt is not a payment and does not extinguish the debt, unless such agreement can be deduced from the circumstances, or unless, in the language of cases cited above, the new notes ‘produce payment,’ or payment in fact ‘results from ’ if * *»
*711 See also Chappell v. Nalle, 1935, 119 Fla. 711, 160 So. 867; Adler v. Superior Apartments Corp., 119 Fla. 127, 160 So. 868; Kline v. Eugene Berninghaus Co., 1931, 102 Fla. 362, 135 So. 837; and Sanford v. Abrams, 1887, 24 Fla. 181, 2 So. 373.
Since this is an interlocutory appeal from a ruling on a motion to dismiss, testing the sufficiency of the complaint, we must accept as true the allegations of the amended complaint. As noted above, that complaint has raised the issue of an unsatisfied accord and has further alleged the performance of conditions precedent by the plaintiff to the original contract. At this stage of the proceedings we cannot do more than consider the complaint in light of the defendants’ motion. However, it does appear to this court that there is equity in the complaint, and we must therefore conclude that the chancellor erred in dismissing it and transferring the cause to law. This case will have to be reversed and remanded for further proceedings consistent with this opinion.
Reversed.
ALLEN, C. J. and KANNER, J., concur.