PER CURIAM.
Appellant argues that genuine issues of material fact preclude the entry of summary judgment against him. We agree and reverse.
Appellant had taken a car leased from Oxford Resources Corporation into a third-party repair shop for minor repairs. While the car was in the repair shop’s possession, the parties renewed an automobile leasing agreement between them. When Appellant learned that the car had been severely van *925 dalized at the repair shop, he refused to take possession of the ear and faded to make lease payments to Oxford.
Oxford sued Appellant, alleging that Appellant owed it the lease payments under the lease agreement’s terms.- Appellant answered, alleging several affirmative defenses, including accord and satisfaction. When Oxford moved for summary judgment, it filed an affidavit alleging that at no time did it tell Appellant that it would “forego any sums due and owing under the second lease.” Appellant filed a counter affidavit, alleging that when he returned the car to Oxford, he entered into an agreement with Oxford’s agents “whereby in view of the condition of the vehicle and in that it was useless for the purposes for which it was leased and in consideration of redelivery of the vehicle” to Oxford, all of Oxford’s claims were satisfied. The trial court granted summary judgment against Appellant.
In order to be entitled to summary judgment, the record must be clear that no material issues of fact remain as to either Oxford’s claim or the affirmative defenses Appellant raised, including accord and satisfaction. See Moore v. Morris, 475 So.2d 666 (Fla.1985). Appellant’s affidavit establishes that an accord and satisfaction agreement between the parties existed. Oxford’s affidavit disputes that the parties ever entered into an accord and-satisfaction agreement. This discrepancy is a material issue of fact, in that if proven, accord and satisfaction would nullify the parties’ original agreement. See, e.g., Chappell v. Nalle, 119 Fla. 711, 160 So. 867 (1935); see also State Road Dep’t v. Houdaille Indus., Inc., 237 So.2d 270 (Fla. 1st DCA 1970). Because accord and satisfaction is primarily a question of the parties’ intention, which itself is a question of fact, summary judgment in light of this material issue was premature. See Cufferi v. Royal Palm Dev. Co., 516 So.2d 983 (Fla. 4th DCA 1987); Langbein v. Comerford, 215 So.2d 630 (Fla. 4th DCA 1968). Accordingly, we reverse the trial court’s entry of final summary judgment and remand for further proceedings consistent with this opinion.
STONE, C.J., and GUNTHER and FARMER, JJ., concur.