311 So.2d 156 (1975)
Albert REIBEL et al., Appellants,
v.
ROLLING GREEN CONDOMINIUM A, INC., et al., Appellees.
No. 74-1531.
District Court of Appeal of Florida, Third District.
April 15, 1975.
*157 McCarthy, Steel, Hector & Davis, Miami, for appellants.
Weissenborn, Burr & Hyman, and Gary M. Carman, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellants by way of this interlocutory appeal seek review of the trial court's order denying their motion to dismiss the complaint of plaintiff-appellees.
Defendant-appellants are the fee simple owners and the record title holders of certain real property which was leased to the developer of the Rolling Green Condominium complex for a term of 99 years. The developer constructed on this property the recreational facilities to be used by the condominium unit owners and then assigned the leasehold interest in the subject realty to the condominium associations. Each condominium unit owner joined in and ratified the lease and became obligated to pay the prescribed rents for the use of the subject property thereby vesting in the unit owners the leasehold interest as lessees. Thereafter, the condominium associations, appellees herein, filed the instant suit against the defendants. Appellee associations claimed that the fee simple title to the subject realty is vested in the associations as common elements of the condominium complex. On the basis thereof, the plaintiff-appellees sought declaratory relief invalidating the 99 year lease and a money judgment for all rents paid in accordance therewith. In response thereto, defendants moved to dismiss the complaint and as one of the grounds therefor alleged that the plaintiff associations lacked standing to bring this suit. The trial court denied this motion and the defendants appeal therefrom. We reverse.
*158 It is now established that the common elements of a condominium are owned by the condominium unit owners as an undivided share appurtenant to the condominium and, therefore, the plaintiff condominium associations have no standing as the real parties in interest to bring a suit to quiet title to the common elements of a condominium complex. Commodore Plaza At Century 21 Condominium Association, Inc. v. Saul J. Morgan Enterprises, Inc., Fla.App. 1974, 301 So.2d 783. Turning to the case at bar in light of the above principle of law, we note that although the complainants are seeking a declaratory judgment, the basis therefor is the claim of the plaintiff associations that the fee simple title to the subject real property is vested in the associations as common elements of the condominium complex. This claim on its face is contrary to law. See §§ 711.03(8), 711.06, Fla. Stat. Plaintiffs very clearly are not the real parties in interest as to the subject realty and thus lack the requisite standing.
Nevertheless, plaintiff-appellees argue that they have standing to bring the instant action pursuant to § 711.12(2), Fla. Stat. (Chapter 74-104 of the Florida Statutes, effective October 1, 1974) which reads in pertinent part as follows:
"711.12 The association
* * * * * *
"(2) The association, whether or not incorporated, shall be an entity which shall act through its officers and shall have the capability of contracting, bringing suit and being sued with respect to the exercise or nonexercise of its powers. For these purposes the powers of the association shall include, but not be limited to, the maintenance, management and operation of the condominium property. When the board of administration is not controlled by the developer the association shall have authority and the power to maintain a class action and to settle a cause of action on behalf of unit owners of a condominium with reference to matters of common interest, including but not limited to the common elements, the roof and structural components of a building or other improvement, and mechanical, electrical and plumbing elements serving an improvement or a building as distinguished from mechanical elements serving only a unit... ." [Emphasis Supplied]
However, upon a reading of the above statute it is apparent that a condominium association may institute an action concerning the common elements only in its capacity as a representative of the individual condominium unit owners or in the alternative as a class action. Again, an examination of the complaint in the case sub judice reveals that the plaintiff associations have brought this suit on their own behalf grounded upon a claim that fee title ownership to the subject realty is vested in the associations as common elements. Obviously, appellees can find no solace in this statute and, therefore, we must reject this contention of appellees.
Plaintiff associations further argue that this action is for a declaratory judgment as opposed to a suit to quiet title and, therefore, they have standing. We cannot agree for a party to be entitled to a declaratory decree must have an actual interest in the subject matter and the relief sought should not be merely legal advice by the courts or an answer to satisfy curiosity. Bryant v. Gray, Fla. 1954, 70 So.2d 581. Having determined that plaintiff-appellee associations are not the real parties in interest, we find that the court is without jurisdiction to entertain this action for declaratory judgment.
Accordingly, the order denying defendants' motion to dismiss for lack of standing is reversed and the cause remanded to the trial court with directions to enter a new order dismissing the complaint with leave to amend.
It is so ordered.