338 So.2d 876 (1976)
ROYAL BAHAMIAN ASSOCIATION, INC., Appellant,
v.
Saul J. MORGAN et al., Appellees.
No. 75-1516.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Joseph S. Paglino, Miami, for appellant.
Abrams, Anton, Robbins, Resnick & Schneider and Maurice M. Garcia, Hollywood, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal by the plaintiff Royal Bahamian Association, Inc., a non-profit Florida condominium corporation. The Association is the lessee of a ninety-nine year recreational lease from lessor Saul J. Morgan, who was sued by the Association in his individual capacity and as trustee. Morgan was a principal of defendant Royal East, the developer of the Royal Bahamian Condominium. *877 The ninety-nine year lease is an annexation of the Declaration of Condominium which was used to create the Royal Bahamian Condominium. Appellant's original and amended complaint sought a declaration of rights and the amended complaint asked that certain of the leasehold properties be quieted in the appellant. The appellees moved to strike or dismiss all counts in the amended complaint, which motion the court granted, holding that the appellant was not entitled to a declaration of rights or interpretation of the contracts. This appeal followed.
Count 1 of the complaint states in part:
* * * * * *
"The plaintiff is in doubt as to and unsure of its rights, duties or obligations under [those contracts of common interest to all members of the Association, to wit: rights concerning common elements, a ninety-nine year recreational lease, the plaintiff's rights and interests as a separate entity to bring this action pursuant to Fla. Stat. 711.12(2) and the vesting of certain real property interests in the plaintiff under the terms and conditions of the contract of seal], including the Declaration of Condominium contract, the leasehold contract and the provisions of Fla. Stat. 711 relating to common elements at condominiums generally and specifically as to the common elements at the Royal Bahamian Condominium."
The count further expressed the belief of the Association
"... that its interest in the aforesaid 99 year leasehold was dedicated as a portion of the common elements of the Association for the term of 99 years as an estate for years in the said real property and therefore, Plaintiff is of the further belief that since its interest is a part of the common elements aforesaid, that it does not have to pay any rentals during the term of said dedication,"
but that lessor Morgan "... takes the position that he is entitled to receive rentals under the terms and conditions of the aforesaid instruments under seal and the Fla. Stat. cited herein."
In count 2, the Association claims the right "... to have title to its estate for years in the aforesaid 99 year leasehold quieted in Plaintiff for the balance of the 99 year term since the leasehold interest of Plaintiff was dedicated as common elements pursuant to documents aforesaid."
Count 3 asserts the Association's belief that the monies it has paid to the defendant since December, 1968, as rental payments under the ninety-nine year lease were improperly paid by mutual mistake of the parties and, therefore, "... as a result thereof, Plaintiff is entitled to recover said money from the Defendant Saul J. Morgan, trustee."
In count 4, the plaintiff goes on to assert that "... as a result of the foregoing, the Defendant ... did breach that duty owed to Plaintiff and its membership," and "committed a fraud upon Plaintiff in that he intentionally placed into motion procedures which would guarantee the payment of monies to himself, as trustee, to which he was not entitled, [at] the expense and damage of Plaintiff herein."
A review of the counts in the amended complaint compels us to hold, on the authority of Reibel v. Rolling Green Condominium A., Inc., 311 So.2d 156 (Fla.3d DCA 1975), that the court below was correct in dismissing the complaint. As stated in the Reibel case,
"Plaintiff associations further argue that this action is for a declaratory judgment as opposed to a suit to quiet title and, therefore, they have standing. We cannot agree for a party to be entitled to a declaratory decree must have an actual interest in the subject matter and the relief sought should not be merely legal advice by the courts or an answer to satisfy curiosity. Bryant v. Gray, Fla. 1954, 70 So.2d 581. Having determined that plaintiff-appellee associations are not the real parties in interest, we find that the court is without jurisdiction to entertain this action for declaratory judgment."
*878 In determining that the Association has no standing to bring this suit under the counts specified in its amended complaint, we would, nevertheless, point out that the individual members themselves are not precluded from proceeding in pursuit of their own rights.
Although we find that the dismissal was in order, we note that the judgment goes on to state:
"2. The Plaintiff Condominium Association shall within fifteen days from the date of this Order pay unto the Defendant, Saul J. Morgan, Trustee, all rentals due and owing under the terms and provisions of the 99 year lease from the period from January 1, 1975 and thereafter as the same become due. The accrued rentals shall be forwarded to counsel for the Defendant, Saul J. Morgan, Trustee,"
* * * * * *
We hold that this action taken by the judge requiring rental payments by the plaintiff to the defendant is a matter that goes beyond the jurisdiction of the trial court. Once the judge dismissed the complaint, he had no further jurisdiction to grant relief to either party and, more particularly, he had no jurisdiction to grant relief to a defendant who had not made a plea for affirmative relief. See Osborne v. Shell Oil Co., 104 So.2d 670 (Fla.1st DCA 1958).
Other points presented on this appeal have been considered and found to be without merit.
Therefore, the judgment is affirmed as to the dismissal of the complaint, reversed as to that part of the order requiring rental payments by the plaintiff to the defendant, and the cause is hereby remanded for a correction of the judgment.