WENTWORTH, Judge.
Branscomb seeks review of an order by which his motion for leave to file an amended counterclaim, cross-claim, and to add a party and file a third-party complaint was denied. We find that the court below erred in denying Branscomb’s motion, and we therefore reverse the order before us.[1]
Branscomb was the driver of an automobile in a multi-vehicle collision which also involved Ploof Truck Lines, Inc., and Carolina Freight Carriers Corp. Ploof filed a property damage action in Duval County, against both Branscomb and Carolina; Branscomb cross-claimed against Carolina, and counterclaimed against Ploof, for contribution and property damage. Bran-scomb thereafter filed a personal injury action, predicated on the same multi-vehicle collision, against Ploof and Carolina in Orange County. Pursuant to motions to dismiss and transfer filed in the Orange County action, the court transferred the cause to Duval County where it was docketed as an independent proceeding.
Approximately one year later, but before Ploof’s property damage action was set for trial, Branscomb moved to join his transferred personal injury action as an amended counterclaim, cross-claim, and third party complaint in Ploof’s original Duval County proceeding. Branscomb argued that his personal injury action is a compulsory counterclaim which would be barred should the property damage action proceed to judgment first, and that this circumstance compels an undesirable “race to judgment” between the parties in the two actions. The trial court acknowledged this argument, but nevertheless denied Branscomb’s motion.[2]
Inasmuch as Branscomb’s personal injury claim “arises out of the transaction or occurrence that is the subject matter” of Ploof’s property damage action, it is a compulsory counterclaim required under Fla.R.Civ.P. 1.170. When a compulsory counterclaim is brought as a separate action independent from the initial proceeding, the first judgment entered may bar the remaining action. See Cheezem Development Corp. v. Maddox Root Service Inc., 362 So.2d 99 (Fla. 2d DCA 1978), cert. denied 368 So.2d 1370 (Fla.1979); Travelers Express Inc. v. Acosta, 397 So.2d 733 (Fla. 3d DCA 1981), fn. 3. As Acosta indicates, this circumstance has the undesirable effect of committing the litigants to a “race to judgment.”
In the present case Branscomb attempted to avoid a “race to judgment” by seeking to amend his pleading in Ploof’s property damage action. The Florida Rules of Civil Procedure contain several provisions authorizing amendment of a pleading, with leave of court, “when justice so requires.” See Rule 1.190(a); Rule 1.170(f); also see Rule 1.190(e). It is generally indicated that such leave to amend should be liberally granted, and that absent excessive delay the standard to be applied is whether the opposing party will be otherwise demonstrably prejudiced. See e.g., Walker v. Senn, 340 So.2d 975 (Fla. 1st DCA 1976); see also C.A. Davis Inc. v. City of Miami, 400 So.2d 536 (Fla. 3d DCA 1981), review dismissed 411 So.2d 380 (Fla.1981). And it has been suggested that special liberality should be accorded leave to amend so as to add a compulsory counterclaim. See Bratcher v. Wronkowski, 417 So.2d 1132 (Fla. 5th DCA 1982), review denied 424 So.2d 760 (Fla.1982).
Branscomb’s motion to amend his pleadings was filed prior to Ploof’s property damage action being set for trial, and neither Ploof nor Carolina argued that any *61 prejudice would result were Branscomb’s motion granted. While amendment of the pleadings is a matter within the trial court’s discretion, we conclude that in the circumstances of the present case the denial of Branscomb’s motion for leave to amend was an abuse of discretion.
Accordingly, the order is reversed and the cause remanded.
ERVIN, C.J., and BOOTH, J., concur.

. The order is, in the circumstances presented, a nonfinal order for which immediate appellate review, pursuant to Fla.R.App.P. 9.130, is not authorized. However, since review after a determination below on the merits may not provide Branscomb a complete and adequate remedy, we hereby treat the cause as one invoking this court's certiorari jurisdiction under Fla.R. App.P. 9.030(b)(2)(A). See Batavia Ltd. v. United States, 393 So.2d 1207 (Fla. 1st DCA 1981); Fla.R.App.P. 9.040(c).

. In denying Branscomb’s motion the trial court noted that “this case has gotten complicated to a horrible extent,” and that Branscomb has "a viable suit pending ... for the same relief_”