ZEHMER, Judge.
Petitioners filed their petition for writ of certiorari pursuant to Florida Rules of Appellate Procedure 9.030(b)(2)(A) and 9.100(a), seeking review of an order denying their motions for leave to file a compulsory counterclaim and to file amended affirmative defenses. Respondents filed their response pursuant to an order to show cause why the petition should not be granted. Upon careful consideration of both, we conclude that we have jurisdiction and should grant the requested relief in part. Branscomb v. Ploof Truck Lines, Inc., 454 So.2d 59 (Fla. 1st DCA 1984).
Following a mistrial in an action for fraud and breach of contract, petitioners (defendants below) filed a motion for leave to file a counterclaim, alleging that “various facts and issues emerged which entitle the Defendants to assert and prove the Counterclaim appended hereto.” There is no disagreement between the parties that *1082 the counterclaim arose out of the same transaction or occurrence as plaintiffs’ cause of action and is compulsory. Petitioners also moved for permission to add nine affirmative defenses to their answer. The court granted petitioners leave to file their fifth affirmative defense, dealing with impossibility of performance, but denied permission to file the others, stating, “[T]he rest of those affirmative defenses I’ve already ruled on them” (referring to the trial court’s ruling striking such defenses during the first trial). The court also denied petitioners leave to file their counterclaim.
We grant the writ and quash the order denying petitioners’ motion to file their compulsory counterclaim. See Bran-scomb, 454 So.2d 59 (special liberality should be accorded leave to amend so as to add a compulsory counterclaim), and Bratcher v. Wronkowski, 417 So.2d 1132 (Fla. 5th DCA), rev. denied, 424 So.2d 760 (Fla.1982) (refusal to grant leave to file counterclaim would be abuse of discretion if the counterclaim is compulsory). The record shows no prejudice to the respondents sufficient to require us not to follow the cited precedent.
The writ is denied, however, as to the order denying leave to file the affirmative defenses. These amended defenses contain substantially similar allegations to the defenses stricken during the first trial. We note that the legal insufficiency of several of the proposed defenses does not appear on the face of the allegations and suggest, therefore, that the trial judge may want to revisit these defenses before holding a second trial. Because we have no transcript or record of the first trial and do not know whether the defenses were stricken on grounds that the evidence was insufficient, that issue is not proper for review on certiorari.
JOANOS and WIGGINTON, JJ., concur.