608 So.2d 91 (1992)
CHASSAN PROFESSIONAL WALLCOVERING, INC., Appellant,
v.
VICTOR FRANKEL, INC., a Florida Corporation, Barry Dorfman and Dana Dorfman, Appellees.
No. 91-2303.
District Court of Appeal of Florida, Fourth District.
October 28, 1992.
*92 Martin H. Colin of Colin & Smith-Adam, Lake Worth, for appellant.
William L. Epstein and Steven Ellison of Broad and Cassel, West Palm Beach, for appellee-Victor Frankel, Inc.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellant, plaintiff below, suffered an adverse final judgment when the trial court, midway through the presentation of appellant's case in this non-jury trial, held as a matter of law that appellant's claim was barred by (1) res judicata, and (2) accord and satisfaction, two of the appellees' affirmative defenses. We reverse.
Appellant entered into a series of contracts to furnish all labor and materials to paint, in a workmanlike manner, a number of houses being built by Victor Frankel, Inc., a builder. One of those houses was known as the Dorfman house. Appellant sued Frankel (the "initial" suit) for money allegedly owed for painting work performed on a house other than the Dorfman house. Frankel counterclaimed for improper workmanship on five of the houses, including the Dorfman house.
While that suit was still pending, appellant filed a separate suit (the "second" suit) against Frankel and Dorfman, seeking money allegedly owed under the contract to paint the Dorfman house and to foreclose a mechanic's lien against the property. The second suit is the one before us.
Frankel, who at that point in time had not been served with process in the second suit and was unaware it had been filed, entered into a settlement agreement with appellant on the initial suit. The settlement resulted in the entry of an order of dismissal of the initial suit. Thereafter, when Frankel and Dorfman were served with process in the second suit, their answer included the affirmative defenses mentioned above.
Both parties agree that in the initial suit, after Frankel filed its counterclaim alleging that appellant had breached his contract to paint the Dorfman house in workmanlike manner, appellant's claim for money due it on the Dorfman painting contract *93 was a compulsory counterclaim in that suit as one "... arising out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." Stone v. Pembroke Lakes Trailer Park, Inc., 268 So.2d 400 (Fla. 4th DCA 1972). The parties also agree that such compulsory counterclaim may be brought as an independent suit while the initial suit is still pending. Singer v. Fla. Paving Co., Inc., 459 So.2d 1146 (Fla. 3d DCA 1984). The area of disagreement is the effect which dismissal of the initial suit had upon the second suit.
Had the initial suit been terminated by entry of final judgment, the second suit would have been barred under the doctrine of res judicata. Branscomb v. Ploof Truck Lines, Inc., 454 So.2d 59 (Fla. 1st DCA 1984); Cheezem Development Corp. v. Maddox Root Service, Inc., 362 So.2d 99 (Fla. 2nd DCA 1978), cert. denied 368 So.2d 1370 (Fla. 1979). Had the initial suit been terminated by entry of an order dismissing with prejudice, even though such dismissal was upon stipulation of the parties, it could have been considered as an adjudication upon the merits sufficient to bar the second suit under the doctrine of res judicata. Lomelo v. American Oil Co., 256 So.2d 9 (Fla. 4th DCA 1971). However, a voluntary dismissal by order of court under Rule 1.420(a)(2) Rules of Civil Procedure, which does not specify otherwise in the order (as this did not) is a dismissal without prejudice. Because a voluntary dismissal without prejudice is not an adjudication on the merits, see Makar v. Investors Real Estate Mgmt., Inc. 553 So.2d 298 (Fla. 1st DCA 1989), the court erred in concluding as a matter of law that dismissal of the initial suit barred the instant suit on the doctrine of res judicata.
The affirmative defense of accord and satisfaction requires proof of (1) a preexisting dispute as to the nature and extent of an obligation between the parties, (2) their mutual intent to effect settlement of that dispute by a superceding agreement, and (3) the obligor's subsequent tender and the obligee's acceptance of performance of the new agreement in full satisfaction and discharge of the prior disputed obligation. Republic Funding Corp. v. Juarez, 563 So.2d 145 (Fla. 5th DCA 1990). There were, as to each of these elements, factual issues which could not have been weighed and determined by the trier of fact midway through the plaintiff's case. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972).
The judgment, together with the subsequent order awarding attorney's fees, is reversed and this cause remanded for a new trial.
DELL and GUNTHER, JJ., concur.