OWEN, WILLIAM C., Jr. Senior Judge.
A summary judgment was entered for the defendant on its defense of accord and satisfaction. Because there remained a genuine factual issue on the parties’ intent, an essential element of the defense, we reverse.
St. Mary’s Hospital, Inc., (“St.Mary’s”) sued a patient’s health insurer to recover charges incurred by the patient during his hospitalization, alleging both breach of contract[1] and promissory estoppel. The insurer’s affirmative defense of accord and satisfaction was based on St. Mary’s having deposited the insurer’s check for benefits enclosed in a transmittal letter containing the following language:
After a careful review of the above claim we’ve determined benefits would be payable.
Please let me explain what the policy allows for this claim.
The medical facts we received indicate [the patient] was admitted on February 15, 1994 due to a suicide attempt. Therefore, the first date of this confinement is not covered. The remaining days of the hospital stay are considered as loss due to mental illness.
This policy allows up to 30 days inpatient hospital expense for mental conditions. We had previously paid 23 days for [the patient’s] March 29 to April 21 stay at Bethesda Memorial Hospital. We are now paying benefits for the remaining 7 days for the stay at St. Mary’s Hospital. No further benefits will be payable.
If we can be of further service please feel free to write or call.
(Emphasis added).
An explanation of benefits, attached to the check, stated “the plan specified room & board rate is the maximum amount payable” and “the maximum for this type of service has been reached.”
In Chassan Professional Wallcovering, Inc. v. Victor Frankel, Inc., 608 So.2d 91, 93 (Fla. 4th DCA 1992), this court stated:
The affirmative defense of accord and satisfaction requires proof of (1) a preexisting dispute as to the nature and extent of an obligation between the parties, (2) their mutual intent to effect settlement of that dispute by a superseding agreement, and (3) the obligor’s subsequent tender and the obligee’s acceptance of performance of the new agreement in full satisfaction and discharge of the prior disputed obligation. Republic Funding Corp. v. Juarez, 563 So.2d 145 (Fla. 5th DCA 1990).
For the purposes of this appeal, we focus only on the second element, i.e., the parties’ mutual intent to effect settlement of their dispute by a superseding agreement. Intention is, as a rule, a question of fact. Best Concrete Corp. v. Oswalt Engineering Service Corp., 188 So.2d 587, 588 (Fla. 2d DCA 1966); see also Lubowicki v. Oxford Resources Corp., 697 So.2d 924, 925 (Fla. 4th DCA 1997) (“[A]ccord and satisfaction is primarily a question of the parties’ intention[s], ... which itself is a question of fact.”). On the factual issue of the parties’ intent to effect settlement, the insurer offered no evidence other than the above described transmittal letter, its receipt by St. Mary’s and the latter’s depositing the accompanying check. It was the insurer’s position that the wording of the letter alone — “[n]o further benefits will be payable” — conclusively established as a matter of law the parties’ mutual intent that St. Mary’s acceptance of the check settled the dispute.
The trial court agreed with that position and entered summary judgment for the insurer, citing as authority Ennia Gen. Ins. Co., Ltd. v. Auld, 506 So.2d 62 (Fla. 4th DCA *456 1987); Eder v. Yvette B. Gervey Interiors, Inc., 407 So.2d 312 (Fla. 4th DCA 1981); Mortell v. Keith, Mack, Lewis & Allison, 528 So.2d 1362 (Fla. 3d DCA 1988); Yelen v. Cindy’s, Inc., 386 So.2d 1234 (Fla. 3d DCA 1980); and Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978).
We disagree. The facts in this case are distinguishable in a very significant particular from each of the cases on which the trial court relied as authority. In each of those cases the check and/or accompanying documents expressly stated that the check constituted payment in full of the debtor’s obligations.[2] Here, the phrase in the letter— “no further benefits will be payable”— together with the explanation of benefits attached to the check which stated “the maximum for this type of service has been reached,” makes explicit, without question, the insurer’s position there are no further benefits due under the policy and it does not intend to make any further payments. However, there is nothing in that language standing alone, as it was here, which reasonably implies, much less expresses, that St. Mary’s, by its acceptance of the check, would be deemed to have agreed with the insurer’s position.[3] While the trier of fact may ultimately find, upon consideration of all the evidence, that it was the parties’ mutual intent for the tender and acceptance of the check to be in full settlement, that cannot be determined as a matter of law on the present state of this record. An accord and satisfaction results as a matter of law only when the creditor accepts payment tendered on the expressed condition that its receipt is deemed to be a complete satisfaction of a disputed issue. See Republic Funding Corp. of Florida v. Juarez, 563 So.2d 145, 146 (Fla. 5th DCA 1990).
The remaining issues either do not demonstrate reversible error or are moot in view of our reversal of the summary judgment.
REVERSED AND REMANDED.
STONE, C.J., and KLEIN, J., concur.

. The patient had assigned his contractual rights to St. Mary’s.

. In Ennia the draft stated: "By endorsing the draft the payees accept same in full settlement and release of all claims in Mortell the check was marked "paid in full,” accompanied by a letter clearly demonstrating the debtor’s position that the check was in complete payment of the amount due in the dispute between the two; in Yelen, the check was sent with a letter that stated: "The enclosed check is being tendered to you in full satisfaction of the current controversy existing between you and [us]... .Your acceptance and depositing of this check shall constitute your ... acceptance of the terms of the release. If this is not acceptable, you should return the check to me”; in Eder, consistent with evidence that the parties had reached agreement on a settlement of the amount due for certain work, the debtor paid the stated amount in a series of checks, the last of which contained the notation "balance in full for all work done”; in Pino the check noted "Full and final payment for all goods, services and claims to date”.

. Though Pino v. Union Bankers Ins. Co., 627 So.2d 535 (Fla. 3d DCA 1993), involved a different factual situation than the instant case, it is somewhat akin. The insurer's payment to, and acceptance by, the insured of an amount the insurer was obligated to pay in any event was not an accord and satisfaction.