933 So.2d 651 (2006)
Vicki Gutierrez FUENTE, Appellant,
v.
SOUTHERN OCEAN TRANSPORT, INC., et al., Appellees.
Nos. 3D04-3284, 3D04-2611.
District Court of Appeal of Florida, Third District.
July 5, 2006.
*652 Rolando Gomez; Shelley Senecal, Miami, for appellant.
*653 Gordon Hargrove & James, Fort Lauderdale, and John R. Hargrove, and W. Kent Brown, for appellees.
Before LEVY, RAMIREZ, and SUAREZ, JJ.

ON MOTION FOR REHEARING
RAMIREZ, J.
We deny appellees' motion for rehearing and instead withdraw our opinion filed on February 22, 2006, and substitute the following opinion in its place.
Vicki Gutierrez Fuente appeals the trial court's order granting summary judgment in favor of the appellees, as well as the order denying her leave to file a counterclaim. The orders were filed in two separate cases; however, the cases have been consolidated for appeal. We reverse the denial of leave to file a counterclaim because the trial court's rulings left Fuente without remedy, either by a counterclaim or an independent action.

I. Facts and Procedural Background
On November 7, 2003, Fuente was driving a vehicle which was carrying a passenger, Shauna Pender. Fuente's vehicle collided with a tractor-trailer owned by appellee Southern Ocean Transport, Inc. The tractor-trailer was driven by appellee Reinaldo Rios and had been loaded by appellee Maersk. Pender settled her claims against Fuente and executed a general release barring all claims against Fuente. Pender then sued appellees for her injuries (the Pender case).
In the Pender case, Southern Ocean and Rios filed a third-party complaint against Fuente for contribution. Fuente promptly filed a motion for summary judgment on the third-party claim because Pender had already settled with her and released her from liability. Prior to the hearing on the summary judgment motion, Fuente filed a motion for leave to file a counterclaim against appellees for negligence to recover for her injuries in the accident. She did not attach a copy of the proposed counterclaim. At the hearing, the trial court deferred ruling on the motion for leave to file counterclaim, stating that he would not hear the motion until a copy of the counterclaim was attached. Six days after the court granted summary judgment, Fuente refiled the motion for leave to file counterclaim, now attaching the counterclaim.[1] At the hearing on the motion, the court denied the motion without explanation. The next day, Fuente filed her own separate lawsuit against appellees (the Fuente case).
Simultaneously, Fuente filed a motion for rehearing or clarification of the order denying the counterclaim. At the hearing on that motion, the trial court indicated that Fuente had the right to file her own action. The court denied the motion for rehearing/clarification and would not make a determination regarding whether the claim was compulsory or permissive, despite Fuente's request for such clarification. The trial judge stated that it would address the legal issues once the Fuente case was transferred to the judge's division. Fuente appealed the order denying leave to file the counterclaim.
*654 In the Fuente case, Southern Ocean and Rios moved for summary judgment against Fuente, alleging that the negligence action was a compulsory counterclaim that should have been asserted in the Pender case. Fuente filed a response to the motion asserting that the claim was not compulsory and that she was not required to file it in the third-party case  a case to which she should have never been a party because of the previously executed release.
At the summary judgment motion hearing, the trial court ruled that the claim was, in fact, compulsory and granted the appellees' motion. Fuente appealed this order as well. The net effect is that, despite every effort by Fuente, she has been foreclosed from presenting her claim in either the Pender or Fuente case.
On appeal, Fuente contends that summary judgment was improper in the Fuente case because her claim was permissive and not required to be filed in the Pender case. She further alleges that if her negligence claim is found to be compulsory, the trial court abused its discretion in denying her leave to file the compulsory counterclaim in the Pender action.

II. The Pender Case
The trial court denied Fuente leave to file a counterclaim because, after granting her motion for summary judgment, she was no longer a party to the Pender matter. The trial court stated that Fuente could file her own action. Fuente went ahead and filed her own action, only to have a summary judgment entered against her. We find that the trial court abused its discretion in denying her leave to file a counterclaim. Bratcher v. Wronkowski, 417 So.2d 1132 (Fla. 5th DCA 1982).
Leave to amend to add a counterclaim should be liberally granted. Branscomb v. Ploof Truck Lines, Inc., 454 So.2d 59, 60 (Fla. 1st DCA 1984). Absent excessive delay, the standard applied is whether the opposing party will be otherwise demonstrably prejudiced. Id. The trial court's refusal to grant leave to assert a counterclaim would be an abuse of discretion if the counterclaim were compulsory and therefore barred in a subsequent action. Bratcher, 417 So.2d at 1133. As such, here, if the trial court believed Fuente's claim was a compulsory counterclaim, then it abused its discretion in barring Fuente from filing her counterclaim within the third-party action. Fuente moved for leave to file her counterclaim prior to the summary judgment motion being heard. However, because the proposed counterclaim was not attached, the trial court deferred ruling until the proposed counterclaim was attached. Fuente then filed an amendment to the original motion and attached the proposed counterclaim. The trial court did not hear and rule on the amended motion until after summary judgment was granted in Fuente's favor. Under Florida Rule of Civil Procedure 1.190(c), the amendment would have related back to the date of the original pleading, which was presented before summary judgment was granted.
We further disagree with the appellees' contention that the appeal in the Pender case must be dismissed because this Court lacks jurisdiction. Every indication is that the trial court's order denying leave to amend was final. It would have been absurd for Fuente to appeal the order granting her motion for summary judgment when she only wanted to reverse the denial of leave to amend. However, even if the order was nonfinal, we would find it proper to invoke this Court's certiorari jurisdiction because Fuente would be deprived of an adequate remedy on plenary appeal. Branscomb v. Ploof Truck Lines, Inc., 454 So.2d 59 (Fla. 1st DCA 1984). Here, the trial court's failure to *655 rule on Fuente's motion to amend and then subsequent denial departed from the essential requirements of law for which, if we accept appellees' argument, Fuente would have no remedy on appeal. She would be irreparably harmed because her personal injury claim would be forever barred. She also would have no remedy in the Fuente case because, as appellees argue, her negligence action should have been asserted as a compulsory counterclaim in the Pender action.

III. The Fuente Case
As the cases have been consolidated and we are reversing on the Pender case, we need not reach the merits of the Fuente case.

IV. Conclusion
In sum, we reverse the order denying Fuente's motion for leave to file a counterclaim, and the cause is remanded to the trial court.
Reversed and remanded.
NOTES
[1] We emphasize that Fuente refiled the amended motion with the counterclaim attached within the rehearing time. We believe this fact distinguishes Fuentes' case from Royal Bahamian Ass'n, Inc. v. Morgan, 338 So.2d 876 (Fla. 3d DCA 1976), upon which the appellees rely. In Royal Bahamian, this Court held, "Once the judge dismissed the complaint, he had no further jurisdiction to grant relief to either party and, more particularly, he had no jurisdiction to grant relief to a defendant who had not made a plea for affirmative relief." Id. at 878 (citation omitted). Such is not the case here.