GROSS, C.J.
 

 United Automobile Insurance Company petitions this court for a writ of certiorari to quash an order by the circuit court, in its appellate capacity, affirming the county court’s grant of final summary judgment in favor of Palm Chiropractic Center. Although we conclude that the circuit court committed legal error, we find neither a violation of a clearly established principle of law, nor the occurrence of a miscarriage of justice. For these reasons, we deny the petition.
 

 Joyce Thomas was involved in an auto accident and suffered injuries for which she received treatment at Palm. She assigned her right to Personal Injury Protection (PIP) benefits to Palm. United Auto paid certain benefits to Palm with a letter advising that, based on an independent medical examination, further chiropractic treatment was not necessary and that it would not pay further benefits. The check tendered to Palm along with the letter contained the following notation: “Pay to the order of PALM CHIROPRACTIC CTR FOR FULL & FINAL PAYMENT OF PIP BENEFITS F/A/O JOYCE THOMAS.” Palm cashed the check.
 

 Palm continued to treat Thomas and United Auto refused to pay the PIP benefits for the additional treatment. Palm sued United Auto in county court. Both sides moved for summary judgment. United Auto claimed that Palm’s acceptance of the check constituted an accord and satisfaction; Palm’s motion contended that the accepted check was but a partial
 
 *508
 
 payment for services rendered. The county court denied United Auto’s motion and granted Palm’s motion, entering a final judgment in favor of Palm for $2,154.03 and $55,000 in attorney’s fees, taxable costs, and prejudgment interest.
 

 United Auto timely appealed to the circuit court, which affirmed the county court’s judgment, relying on
 
 St. Mary’s Hospital, Inc. v. Schocoff,
 
 725 So.2d 454 (Fla. 4th DCA 1999).
 

 The posture of this case as a second tier certiorari is crucial to the outcome. The Florida Supreme Court has repeatedly emphasized the narrow scope of a district court of appeal’s certiorari review of an appellate decision of a circuit court. Most recently, in
 
 Custer Medical Center v. United Automobile Insurance Co.,
 
 — So.3d -, -, 2010 WL 4340809 (Fla.2010), the Supreme Court engaged in this analysis:
 

 This Court has continually applied certain fundamental principles for the use of certiorari to review decisions rendered by the circuit court acting in its appellate capacity from the time common-law certiorari jurisdiction was first recognized in 1855. We have consistently observed that “[a]s a case travels up the judicial ladder, review should consistently become narrower, not broader.” Therefore, when a district court considers a petition for second-tier certiorari review, the “inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,” or, as otherwise stated, departed from the essential requirements of law. The departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error. Rather, a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice. In
 
 Haines City Community Development v. Heggs,
 
 [658 So.2d 523 (Fla.1995) ] this Court clarified and narrowed the scope of common law certiorari jurisdiction by clearly stating that
 

 [a] decision made according to the form of the law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as applied to the facts, is not an illegal or irregular act or proceeding remedial by certiorari.
 

 Furthermore, the district courts should consider the nature of the error and grant a petition for writ of certiorari
 
 “only
 
 when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Thus, the district court’s exercise of its discretionary certiorari jurisdiction should
 

 depend on the court’s assessment of the
 
 gravity of the error
 
 and the
 
 adequacy of other relief.
 
 A judicious assessment by the appellate court will not usurp the authority of the trial judge or the role of any other appellate remedy, but will preserve the function of this great writ of review as a “backstop” to correct
 
 grievous errors
 
 that, for a variety of reasons, are not otherwise effectively subject to review.
 

 In other words, this Court has definitively expressed that certiorari cannot be used to grant a second appeal to correct the existence of mere legal error. This is necessary because, unlike an appeal, common-law certiorari is an entirely discretionary exercise of jurisdiction by the court and is not taken as a matter of right. A reviewing court on appeal may correct any and all errors below, whether jurisdictional, procedur
 
 *509
 
 al, or substantive, and may modify, reverse, or remand a judgment. In contrast, a district court cannot correct just any error that may have occurred below through a second-tier certiorari proceeding. This proceeding is considered original in the sense that the subject-matter of the action or proceeding before the court is
 
 not
 
 to be
 
 reinvestigated, tried, and determined upon the merits
 
 generally as upon appeal at law or writ of error. Hence, a circuit court appellate decision made according to the forms of law and the rules prescribed for rendering it,
 
 although it may be erroneous in its conclusion
 
 as to what the law is as applied to facts, is
 
 not
 
 a departure from the essential requirements of law remediable by certiorari.
 

 The policy behind prohibiting certiora-ri to function as a second appeal is that the circuit court possesses final appellate jurisdiction in eases originating in the county court.
 
 See
 
 art. V, § 5, Fla. Const. As this Court articulated in
 
 Haines,
 
 if the role of certiorari were expanded to review the correctness of the circuit court’s decision, it would amount to a second appeal that usurps the final appellate jurisdiction of the circuit court in contravention of the Florida Constitution. This would deprive litigants of final judgments obtained in the circuit court and ignore “societal interests in ending litigation within a reasonable length of time and eliminating the amount of judicial labors involved in multiple appeals.” A more expansive review would also afford a litigant two appeals from a court of limited jurisdiction, while limiting a litigant to only one appeal in cases originating in a trial court of general jurisdiction.
 

 (footnote omitted) (citations omitted).
 

 Here, the circuit court incorrectly applied the correct law. An accord and satisfaction results as a matter of law “when the creditor accepts payment tendered on the expressed condition that its receipt is deemed to be a complete satisfaction of a disputed issue.”
 
 St. Mary’s Hosp.,
 
 725 So.2d at 456. This court has long held that cashing a check containing language that it is in full payment of the debtor’s obligations creates an accord and satisfaction with regard to the claim for which payment was tendered.
 
 See Eder v. Yvette B. Gervey Interiors, Inc.,
 
 407 So.2d 312 (Fla. 4th DCA 1981);
 
 Ennia Gen. Ins. Co., Ltd. v. Auld,
 
 506 So.2d 62 (Fla. 4th DCA 1987);
 
 see also Mortell v. Keith, Mack, Lewis & Allison,
 
 528 So.2d 1362 (Fla. 3d DCA 1988). At the time the check was tendered in this case, there were sessions for which United Auto was not offering to pay. The check and the cover letter clearly indicated the insurer’s position that no further payments would be made. The
 
 St. Mary’s Hospital
 
 case relied upon by the circuit court did not control the outcome here because it did
 
 not
 
 involve a check with limiting language which made “explicit, without question, the insurer’s position [that] there are no further benefits due under the policy and it does not intend to make any further payments.” 725 So.2d at 456.
 

 However, the “mere legal error” in this case is not a departure from the essential requirements of law remediable in a second tier certiorari. In the words of
 
 Custer Medical Center,
 
 this was a “circuit court appellate decision made according to the forms of law and the rules prescribed for rendering it, although it [was] erroneous in its conclusion as to what the law is as applied to the facts.” — So.3d at -. In addition, we find no miscarriage of justice. The circuit court decision is fact dependent; it does not establish an incorrect legal principle that will deleteriously affect a great number of cases. Al
 
 *510
 
 though United Automobile has suffered a money judgment against it, something more is required for there to be a miscarriage of justice.
 

 The petition for writ of certiorari is denied.
 

 STEVENSON and CIKLIN, JJ., concur.