PER CURIAM.
The county court erroneously compelled a State Farm adjuster who resided and worked in Hillsborough County, and who had not been designated as a corporate representative, to attend a deposition in Broward County. See Fla. R. Civ. P. 1.410(e)(2); Fortune Ins. Co. v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993). The circuit court dismissed State Farm’s petition for writ of certiorari.
Because no “miscarriage of justice” has occurred, we deny this petition for second tier certiorari. See United Auto. Ins. Co. v. Palm Chiropractic Ctr., Inc., 51 So.3d 506, 508 (Fla. 4th DCA 2010) (stating that a district court of appeal should grant a second tier petition for writ of certiorari “ ‘only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice’ ”) (emphasis in original) (quoting Custer Med. Ctr. v. United Auto., Ins. Co., 62 So.3d 1086, 1092 (Fla.2010)); Gould v. State, 974 So.2d 441, 446 (Fla. 2d DCA 2007) (observing that a district court of appeal cannot grant a petition for second tier certiorari where the circuit court applied the incorrect law unless such a “departure from the essential requirements of the law constituted a ‘miscarriage of justice’ ”).
MAY, C.J., WARNER and GROSS, JJ., concur.