DAMOORGIAN, J.,
dissenting.
I would not grant the petition for second-tier review. The Florida Supreme Court in Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086 (Fla.2010), and more recently this Court in United Auto. Ins. Co. v. Palm Chiropractic Ctr., Inc., 51 So.3d 506, 508 (Fla. 4th DCA 2010), have made it abundantly clear that judicial review “ ‘should consistently become narrow *1046 er, not broader’ ” as a case travels up the judicial ladder. Custer Med. Ctr., 62 So.3d at 1092 (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). “Therefore, when a district court considers a petition for second-tier certiorari review, the ‘inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law.” Id. (emphasis added) (citation omitted). We know that legal error alone does not constitute a departure from the essential requirements of the law. As Judge Gross noted in Palm Chiropractic Ctr., “[t]he departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error. Rather, a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.” Palm Chiropractic Ctr., 51 So.3d at 508 (quoting Custer Med. Ctr., 62 So.3d at 1092)).
In Palm Chiropractic Ctr., we held that the circuit court sitting in its appellate capacity incorrectly applied the decisional law of this court to determine whether there was an accord and satisfaction which the petitioner had raised as an affirmative defense. Palm Chiropractic Ctr., 51 So.3d at 509. We noted that “the circuit court incorrectly applied the correct law.” Id. In this case, the majority identified the legal error as the failure to apply the holding Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994), to determine the validity of a claim for attorney’s fees under section 627.428, Florida Statutes (2009). This sounds strikingly familiar to Palm Chiropractic Ctr. In both cases the circuit court correctly identified the basis of the claim or defense, and, thereafter, misapplied the law to determine whether the claim or defense was valid.
I suspect what motivates the majority is the size of the money judgment. There was a sizable money judgment in Palm Chiropractic Ctr. to the tune of over $50,000.00 as well as an error of law. We denied second-tier certiorari review in that case because something more is required for there to be a miscarriage of justice. Palm Chiropractic Ctr., 51 So.3d at 509. And, here, as in Palm Chiropractic Ctr., “[t]he circuit court decision is fact dependent; it does not establish an incorrect legal principle that will deleteriously affect a great number of cases.” Id.
Notwithstanding my dissent, I agree with the majority’s application of Tierra Holdings, Ltd. v. Mercantile Bank, 78 So.3d 558 (Fla. 1st DCA 2011), and its conclusion that the parties’ respective fee awards are mutually exclusive.