# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1221
Lower Tribunal No. 20-5895
_____

**Gwendolyn West,**
Appellant,

vs.

**City First Mortgage Corp., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Gwendolyn West, in proper person.

No appearance, for appellees.

Before EMAS, SCALES and HENDON, JJ.

PER CURIAM.

In this foreclosure case, appellant Gwendolyn West ("West"), defendant and cross claim/counterclaim plaintiff below, appeals an April 28, 2021 Final Judgment of Foreclosure. This foreclosure judgment was entered after the trial court conducted an April 22, 2021 hearing – noticed for a special set hearing by the trial court on March 24, 2021 – on the summary judgment motion of appellee and plaintiff below, City First Mortgage ("Lender").[1] The record reflects that, approximately six minutes prior to the hearing, West filed a motion seeking leave to amend her answer to assert what West characterizes as a compulsory counterclaim against Lender. According to West's motion, West had taken the deposition of Lender's representative and another defendant shortly before the April 22nd summary judgment hearing. Information she gleaned from these depositions, together with documents produced by Lender shortly after the depositions, led West to believe that Lender participated in what West alleged was a conspiracy to defraud her out of her home.

On appeal, West argues that the trial court abused its discretion by effectively denying her motion to assert her counterclaim and by entering the

---

[1] The challenged April 28th foreclosure judgment constitutes a partial final judgment adjudicating all pleaded claims between West and Lender. See Fla. R. App. P. 9.110(k). It appears from the record that West's cross claim against co-defendant Black Rain Capital Investment LLC ("Black Rain") remains pending and unadjudicated.

2

summary foreclosure judgment.[2] While we have held that a trial court reversibly errs when its denial of a motion to assert a compulsory counterclaim leaves a defendant without a remedy, <u>Fuente v. S. Ocean Transport, Inc.</u>, 933 So. 2d 651, 654 (Fla. 3d DCA 2006), we also have held that a trial court does not abuse its discretion by denying a motion to amend pleadings when the motion was filed shortly before a summary judgment hearing. <u>Weisser Realty Grp. v. Porto Vita Prop. Owners Ass'n</u>, 305 So. 3d. 23, 27 (Fla. 3d DCA 2019) (affirming trial court's denial of a motion seeking leave to amend filed three days prior to summary judgment hearing).

In <u>Weisser</u>, we carefully reviewed the record to determine whether the trial court was within its discretion to grant summary judgment where the motion to amend was filed "mere days prior to a noticed summary judgment hearing" and "appeared to be intended to delay the proceedings." <u>Id.</u> Unfortunately, our review in this case is thwarted. Not only is there no written order – either contained in the judgment or otherwise – specifically adjudicating West's motion, but we also have no transcript of the April 22nd hearing at which West's motion apparently was argued and decided. Indeed,

---

[2] While the summary foreclosure judgment is in the record and attached to West's notice of appeal, the judgment contains no language adjudicating West's motion, nor does the record contain an order adjudicating West's motion.

3

we are not altogether certain that, when adjudicating Lender's summary judgment motion, the trial court was even aware of the pendency of West's motion – filed just six minutes prior to commencement of the hearing.

We have routinely held that, when reversal requires a finding that a trial court has abused its discretion, a lack of a transcript severely hampers our review. See Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 934-35 (Fla. 3d DCA 2019). Thus, we are compelled to affirm the judgment because, on this record, we are unable to conclude that the trial court abused its discretion by denying West's motion. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1980); Umana, 282 So. 3d at 934-35 ("The absence of a hearing transcript at which the trial court made this decision prevents any meaningful review of whether the trial court abused its discretion. . . .").

Affirmed.[3]

---

[3] We express no opinion as to whether the counterclaim West sought is compulsory.